FILED VIA MAIL
FEB 25 2013
CLERK, U.S. ...
MIDDLE DIST...
TAMPA, FLORIDA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Case No. 8:12-bk-16134-KRM

EXTREME REMODELERS OF
SARASOTA, LLC, d/b/a PARADISE
HOMES OF SARASOTA,

Debtor.
_____/

## MOTION TO PRECLUDE FINAL JUDGMENT ON STATE LAW CLAIMS

Claimants, Paul Catalano and Sharon Catalano, Daniel D'Andrea and Denise D'Andrea, Michael Holtz and Beverly Holtz and Vinod Swami and Padmini Swami (hereinafter "Claimants"), file their Motion to Preclude Final Judgment on State Law Claims, and in support thereof state:

1. The Claimants entered into construction contracts with Extreme Remodelers of Sarasota, LLC (hereinafter the "Debtor"), d/b/a Paradise Homes of Sarasota.

2. At the time the contracts were entered into, the Debtor was qualified as a Certified General Contractor through Kirk Andrew Blackburn, whose license number was CGC060565.

3. The Debtor failed to complete the contracts.

4. But for the Debtor's bankruptcy case, the Debtor's actions would be compensable under § 489.141 (1)(b), Florida Statutes, as a violation of § 489.129(1)(g) and § 489.129 (1)(j), Florida Statutes, because the Debtor abandoned the jobs and because there were unpaid lienors.

5. However, as a condition of receiving compensation from the Florida

7509.16906.00256139.WPD V.2

Homeowner's Construction Recovery Fund (the "FHCRF"), the Claimants must obtain a final judgment from a court of competent jurisdiction or a final order of restitution from the licensing board.

6. § 489.141(a)(a)(2), Florida Statutes provides for an exception from the requirement to obtain a final judgment where "the claimant has sought to have the assets involving the transaction that give rise to the claim removed from the bankruptcy proceedings....[and] the claimant is precluded by action of the bankruptcy court from securing a final judgment against the Debtor."

7. Inasmuch as the Claimants would like to file claims against the FHCRF, the Claimants need either relief from automatic stay to pursue final judgments against the Debtor or an order from this Court precluding the Claimants from securing a final judgment against the Debtor. Recognizing that relief from the automatic stay would subject the Debtor to numerous lawsuits in state court, the Claimants request that this Court enter orders precluding the Claimants from securing a final judgment against the Debtor.

WHEREFORE, the Claimants respectfully request that this Court enter orders precluding the Claimants from securing a final judgment against the Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Preclude Final Judgment on State Law Claims has been furnished by U.S. mail to Debtor Extreme Remodelers of Sarasota, LLC, 158 James Street, Venice, FL 34285; Debtor's attorney Scott Stichter, Esq., 110 E. Madison Street, Suite 200, Tampa, FL 33602; Jeffrey W.

7509.16906.00256139.WPD V.2

Warren, Esquire, P.O. Box 3913, Tampa, FL 33601-3913; Bankruptcy Trustee Douglas Menchise, Esquire, 2963 Gulf to Bay Blvd., Suite 300, Clearwater, FL 3375; and U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602 on this 22nd day of February, 2013.

**TANNENBAUM, SCRO & HANEWICH, PL**

1990 Main Street, Suite 725
Sarasota, FL 34236
Telephone : (941) 308-3157
Facsimile: (941) 316-0301
Attorneys for Claimants Listed

_____
Alan E. Tannenbaum, Esquire
Florida Bar No. 0259144
Atannenbaum@TannenbaumScro.com